UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | NO.  07 C 6139 |
| | ) | |
| v. | ) | JUDGE LEINENWEBER |
| | ) | MAGISTRATE JUDGE NOLAN |
| P.O. L.H. ALEXANDER #13518, | ) | |
| P.O. B.A. JOHNSON #10048, and | ) | |
| P.O. O.O. WATTS #15226, individually | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OFFICERS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Chicago Police Officers, Larron Alexander, Brad Johnson, and Otis Watts ("Defendant Officers"), by one of their attorneys, Marcy M. Labedz, Assistant Corporation Counsel, hereby submit their Answer, Affirmative Defenses, and Jury Demand to Plaintiff's First Amended Complaint:

### COUNT I-FALSE ARREST

1)   This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff and accomplished by acts and/or omissions of the Defendants committed under color of law.

**ANSWER:**   Defendant Officers admit that Plaintiff has brought this action pursuant to 42 U.S.C. §1983 to redress alleged violations of Plaintiff's civil rights.  Defendant Officers deny the remaining allegations in Paragraph 1.

2)   Jurisdiction is based on Title 28 U.S.C. § 1343 and § 1331.

**ANSWER:**   Defendant Officers admit that jurisdiction is proper.

3) The Plaintiff, DERRICK WATERS, at all relevant times, was a United States citizen and permanent resident of the State of Illinois.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4) The Defendants, P. O. L.H. ALEXANDER #13518, P.O. B.A. JOHNSON #10048 and P.O.O.O. WATTS #15226, were at all relevant times duly appointed police officers of the City of Chicago and at all relevant times were acting within their scope of employment and under color of law.

**ANSWER:** Defendant Officers admit that at all relevant times they were employed by the City of Chicago, acting within the scope of their employment, and under color of law.

5) On or about November 3, 2006, the Plaintiff was parked in a car in the vicinity of 5100 block of West Fulton in the City of Chicago.

**ANSWER:** Defendant Officers admit that on November 3, 2006 at approximately 10:20 a.m., Plaintiff was in the area of 5150 W. Fulton Street in Chicago. Defendant Officers deny that Plaintiff was in a vehicle, and deny the remaining allegations contained in Paragraph 5.

6) The Plaintiff was not committing a crime or breaking any laws.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 6.

7) The Defendants came upon the Plaintiff and took him into custody.

**ANSWER:** Defendant Officers admit Plaintiff was taken into custody. Defendant Officers deny the sequence of events alleged in Paragraph 7.

8) The Plaintiff was charged with possession of drugs.

**ANSWER:** Defendant Officers admit Plaintiff was charged with Possession of a Controlled Substance.

9) The Defendants did not have probable cause to arrest the Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 9.

10) Said action of Defendants P. O. L.H. ALEXANDER #13518, P.O. B.A. JOHNSON #10048 and P.O. O.O. WATTS #15226, were intentional, willful, and wanton.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 10.

11) Said actions of the Defendants, P. O. L.H. ALEXANDER #13518, P.O. B.A. JOHNSON #10048 and P.O. O.O. WATTS #15226, violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 11.

12) As a direct and proximate consequence of said conduct of Defendants [sic]

**ANSWER:** Defendant Officers deny any wrongful or illegal conduct, and further make no answer to Paragraph 12 since Paragraph 12 is incomplete.

13) Plaintiff DERRICK WATERS suffered violations of his constitutional rights, monetary expense, fear, emotional distress, and pain and suffering.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 13.

**WHEREFORE,** Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

### AFFIRMATIVE DEFENSES

1. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's First Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2.      As to any potential state law claim, Defendant Officers are not liable for injuries arising out of their exercise of discretionary acts.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

3.      As to any potential state law claim, Plaintiff cannot establish willful and wanton conduct on the part of Defendant Officers and therefore they are immune from suit.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

4.      As to any potential state law claim, Defendant Officers are not liable for any injury caused by the acts or omissions of another person.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

5.      As to any potential state law claim, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-208.

6.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

7.	To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendant Officers Alexander, Johnson, and Watts, hereby demand a jury trial.

Respectfully submitted,

/s/ Marcy M. Labedz
MARCY LABEDZ
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (Fax)
Atty. No. 06279219

## CERTIFICATE OF SERVICE

I, Marcy Labedz, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING and DEFENDANT OFFICERS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on June 11, 2008, in accordance with the rules on electronic filing of documents.

/s/ Marcy M. Labedz
MARCY LABEDZ
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (Fax)
Atty. No. 06279219